WILLIAM REDDEN et al., Respondents-Appellants, v. HENRY E. SCHMIDT, Respondent, and WALTER J. SALTIS, Appellant. (Action No. 1.) THERON REDDEN et al., Respondents-Appellants, v. HENRY E. SCHMIDT, Respondent, and WALTER J. SALTIS, Appellant. (Action No. 2.) JOHN REDDEN et al., Respondents-Appellants, v. HENRY E. SCHMIDT, Respondent, and WALTER J. SALTIS, Appellant. (Action No. 3.) DOROTHY SALTIS, Plaintiff, v. HENRY E. SCHMIDT, Defendant. (Action No. 4.) — Plaintiffs were passengers seated in a standing automobile owned by defendant Saltis, which ran out of gas and was standing on or near the New York State Taconic Parkway near Red Hook, when it was struck from the rear by a car owned and driven by the defendant Schmidt. The plaintiffs in the first three actions sued both Saltis and Schmidt, while in

action No. 4 the action was brought only against defendant Schmidt. Upon the trial the jury brought in a verdict in favor of the plaintiffs against the defendant Saltis alone in each of the first three actions, and disagreed as to the defendant Schmidt in all four actions. Judgments were entered in the Albany County Clerk's office against Saltis upon the verdicts in the first three actions. From those judgments and from the orders denying his motions to set aside the verdicts and from an order directing a retrial of the issues against defendant Schmidt, defendant Saltis appeals. Plaintiffs also appeal from an order directing the retrial of limited issues against defendant Schmidt. In the first three actions the two defendants are alleged to be joint tort-feasors. It would seem that all of the issues should be determined before any judgments are enforced. The jury deliberated for many hours, returned to court to have testimony read and for further instructions, indicating some confusion. Upon the argument of this appeal both counsel for the plaintiffs and counsel for defendant Saltis asked for a new trial of all of the issues. There will necessarily have to be a retrial of the issues of negligence and contributory negligence in the first three actions, and a retrial of all issues in action No. 4 against defendant Schmidt. We think that in the interest of justice to all parties there should be a retrial of all issues. The order from which plaintiffs appeal is reversed, and the judgments and orders from which defendant Saltis appeals are reversed, and a new trial of all issues ordered, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.